UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENROY VIGO,

                Petitioner,

      -against-

ALEJANDRO MAYORKAS,

                Respondent.

22-CV-2649 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

    Petitioner, who is currently incarcerated in Fishkill Correctional Facility, filed this action *pro se*.[1] Petitioner seeks cancellation of removal and release from custody. On April 15, 2022, the Court dismissed the petition, declining to transfer it to the U.S. Court of Appeals for the Second Circuit as a petition for review because it was untimely as such.

    Promptly thereafter, on May 3, 2022, Petitioner filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Petitioner also filed a notice of appeal. For the reasons set forth below, the Court grants the motion and permits Petitioner to file an amended petition.

## BACKGROUND

    Petitioner Denroy Vigo made the following allegations in his petition. He is serving a sentence of 25 years' to life imprisonment pursuant to a 1988 jury verdict in the New York Supreme Court, Bronx County.[2] (ECF 2 at 2, ¶¶ 4-5.) After Petitioner's conviction, on September

---

[1] By order dated April 5, 2022, the Court granted Petitioner's request to proceed *in forma pauperis*.

[2] The Appellate Division, First Department, affirmed Petitioner's conviction, and the New York Court of Appeals denied leave to appeal. *People v. Vigo*, 170 A.D.2d 192 (1st Dep't 1991), *lv denied*, 77 N.Y.2d 968 (1991).

28, 1994, an Immigration Judge ordered Petitioner's removal "to his native country, Antigua."[3] (*Id.* at 3, ¶ 9; *Id.* at 16.) Petitioner attaches to his petition a February 11, 2014, letter from U.S. Immigration and Customs Enforcement requesting a copy of his passport in order to facilitate his removal. (*Id.* at 16.)

Petitioner states that on July 20, 2021, the New York State Department of Corrections and Community Supervision (DOCCS) granted him conditional parole for deportation only (CPDO) "no later than April 20, 2023" (*id.* at 3, ¶ 9), but public records of DOCCS indicate only that Petitioner is scheduled in July 2023, for an interview for CPDO.[4]

In his petition, Petitioner (1) argued that he has been detained beyond the 90-day removal period set forth in 8 U.S.C. § 1231, and that, as a result, he is entitled to cancellation of removal;[5] (2) sought "discharge[e]from his unconstitutional immigration confinement"; and (3) asked for transcripts of all of his immigration proceedings. (*Id.* at 7.)

By order dated April 15, 2022, the Court held that Petitioner had not shown any cognizable basis for relief. (ECF 5.) The Court noted that Petitioner had relied on 8 U.S.C. § 1231(a)(1)(B), which provides that the 90-day removal period begins, in cases where "an alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." (*Id.* at 4 (citing 8 U.S.C. § 1231(a)(1)(B)(3)). Both the petition and public records made clear that Petitioner remained confined at Fishkill due to his judgment of

---

[3] According to public records of the U.S. Executive Office for Immigration Review, Petitioner's September 28, 1994, removal decision was issued by an Immigration Court in Napanoch, Ulster County, New York.

[4] https://nysdoccslookup.doccs.ny.gov.

[5] Petitioner noted that there is a "pilot program" authorizing "home curfew" as an alternative to detention and asked to be enrolled in this program "at the discretion of DHS." (ECF 2 at 4, n.1.)

conviction. Because of this, among other reasons, the Court held that Petitioner had not shown that he had been held in immigration custody beyond the time allowed.

Moreover, the Court held that it lacked jurisdiction to review Petitioner's request for a stay of removal. (ECF 5 at 5 (citing 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal")). Finally, because Petitioner's challenge to his 1994 order of removal appeared to be untimely, the Court declined to transfer it to the Court of Appeals for the Second Circuit. *See De Ping Wang v. Dep't of Homeland Sec.,* 484 F.3d 615, 617-18 (2d Cir. 2007) (holding that it was an error for district court to transfer a time-barred challenge to a removal order; *habeas* petition should have been dismissed for want of jurisdiction).

Petitioner now moves for reconsideration, among other reasons, on the ground that intervening case law, including the U.S. Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (Apr. 29, 2021), requires the Court to reach a different result.

## DISCUSSION

A party who moves to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a

motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Petitioner's Rule 59(e) motion was filed within 28 days of entry of judgment. Under Appellate Rule 4(B)(1), if a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered. Because Petitioner's Rule 59(e) motion was timely filed, the notice of appeal does not become effective, depriving this Court of jurisdiction, until it rules on the Rule 59(e) motion. The Court therefore has jurisdiction to adjudicate the Rule 59(e) motion, notwithstanding Petitioner's filing of a notice of appeal.

Petitioner's Rule 59(e) motion, however, does not show that the Court overlooked controlling law. Congress has afforded the Attorney General discretion to allow otherwise removable aliens to remain in the country. The Attorney General may, for example, cancel removal of an alien who is lawfully admitted for permanent residence:

> [I]f the alien--
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

Thus, "[n]onpermanent residents . . . who are subject to removal proceedings and have accrued 10 years of continuous physical presence in the United States, may be eligible for a form

of discretionary relief known as cancellation of removal. 8 U.S.C. § 1229b(b)(1)." *Pereira v. Sessions*, 138 S. Ct. 2105, 2107 (2018). Petitioner's conviction raises some doubt whether he could qualify for cancelation of removal even if he has 10 years of continuous physical presence.

Under the so-called "stop-time rule" set forth in Section 1229b(d)(1)(A), the period of continuous physical presence is "deemed to end . . . when the alien is served a notice to appear under section 1229(a)." In *Niz-Chavez*, the case on which Petitioner relies, the Supreme Court held that a notice to appear—the charging document that commences immigration court removal proceedings—must contain the time and place of the hearing in a single document in order to trigger the "stop-time rule" in cancellation of removal cases. *Niz-Chavez*, 141 S. Ct. at 1479 (agreeing that "the government must issue a single and comprehensive notice before it can trigger the stop-time rule").

Petitioner does not state that his notice to appear, which eventually resulted in the 1994 order of removal, did not include all required information in a single document. Even if he had, it is unclear how the holding in *Niz-Chavez* would assist him here. Petitioner cannot move to reopen his 1994 removal proceedings in federal district court; rather, he must do so in his immigration proceedings and eventually appeal any adverse order to the appropriate court of appeals. *See* 8 C.F.R. § 1003.1(b) (motions to reopen or reconsider that are denied by an Immigration Judge (IJ) are appealable to the Board of Immigration Appeals (BIA)); *see also* 8 C.F.R. § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). Petitioner thus has not shown any basis for reconsideration of the dismissal of his petition.

Petitioner proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented litigant an opportunity to amend a pleading to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

The Court initially dismissed the petition without leave to replead. It is not clear that Petitioner can allege any additional facts to state a valid claim in this Court because the district court has limited jurisdiction of such immigration matters. Nevertheless, because Petitioner proceeds *pro se* and thus should generally be granted leave to amend at least once, the Court grants Petitioner's request for reconsideration of the order of dismissal, reopens this action, and grants him leave to file an amended petition within 30 days of the date of this order. If Petitioner chooses to file an amended petition, he must make a good faith investigation that his claims are warranted by law and filed in the appropriate court. The amended petition will completely replace, not supplement, Petitioner's initial petition.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 7) is granted. The Court directs the Clerk of Court to vacate the order of dismissal and judgment (ECF Nos. 5-6) and reopen this matter. The Court grants Petitioner leave to file an amended petition within 30 days of the date of this order. Petitioner's amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 must be submitted to the Court's Pro Se Intake Unit and bear the same docket number as this order, 22-CV-2649 (LTS).

If Petitioner chooses not to file an amended petition, the Court will dismiss this action without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 26, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge